

ORIGINAL

**FILED**

NOV 17 2017

# In the United States Court of Federal Claims

U.S. COURT OF
FEDERAL CLAIMS

No. 17-1104C (Pro Se)

(Filed: November 17, 2017 | Not for Publication)

| | |
|---|---|
| STEVEN E. EDWARDS,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES OF AMERICA,  )<br>  )<br>Defendant.  )<br>  ) | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; 28 U.S.C. § 2255. |

*Steven E. Edwards*, Wellsville, KS, pro se.

*Joshua A. Mendlebaum*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Tara K. Hogan*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Plaintiff.

## OPINION AND ORDER

**KAPLAN, Judge.**

Pro se Plaintiff Steven Edwards alleges that the government has breached the terms of a plea agreement he entered in 2006, causing him money damages. Mr. Edwards has previously filed two similar complaints before the Court of Federal Claims. See Compl., Edwards v. United States (Edwards I), No. 13-cv-971 (Dec. 9, 2013), Dkt. No. 1; Compl., Edwards v. United States (Edwards II), No. 17-cv-1038 (July 31, 2017), Dkt. No. 1. Those complaints were dismissed without prejudice. See Opinion and Order at 2, Edwards I (Jan. 10, 2014), Dkt. No. 5 (dismissing complaint for lack of subject matter jurisdiction); Order at 1–2, Edwards II (Aug. 4, 2017), Dkt. No. 5 (dismissing complaint based on Mr. Edwards's failure to pay the filing fee and on deficiencies in Mr. Edwards's motion to proceed in forma pauperis). The government has now moved to similarly dismiss Mr. Edwards's current complaint. Dkt. No. 6. For the reasons discussed below, the government's motion is **GRANTED**.[1]

---

[1] Mr. Edwards has also filed a motion to proceed in forma pauperis, Dkt. No. 4, which the Court **GRANTS** solely for purposes of deciding the government's motion to dismiss.

7017 1450 0000 1346 0843

## BACKGROUND[2]

In 2006, Mr. Edwards entered into a plea agreement with the United States, in which he agreed to plead guilty to several charges, including two counts of mail fraud and one count of theft of health care funds. Def.'s Mot. to Dismiss (Def.'s Mot.) App. at A82–83; see also id. at A26. He also consented to the forfeiture of certain property. Id. at A83. On June 26, 2006, the United States District Court for the Middle District of North Carolina entered judgement against him; sentenced him to a term of imprisonment; and ordered him to pay criminal monetary penalties in the form of fines, a special assessment, and restitution. Id. at A26–27, A30. The court also ordered the forfeiture of certain properties to the United States. Id. at A31.

Over the next several years, Mr. Edwards embarked on a long course of litigation challenging his conviction pursuant to 28 U.S.C. § 2255, both before the Middle District of North Carolina and Court of Appeals for the Fourth Circuit.[3] See id. at A7–25, A61–62. Among other things, he claimed that he did not voluntarily and intelligently enter the plea agreement. See id. at A54–58. The district court rejected his arguments, and the Fourth Circuit repeatedly declined to permit him to file a second or successive § 2255 motion. Id. at A61–65; see also 28 U.S.C. § 2255(h) (providing that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals").

In December 2013, Mr. Edwards filed his first complaint in the Court of Federal Claims, in which he alleged that the plea agreement was "unconstitutional" and "unlawful" and thus that his restitution payments and the forfeited assets "should all be given back to [him]." See id. at A71, A76. Judge Wheeler dismissed the complaint for lack of subject matter jurisdiction, observing that "claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." Id. at A81 (quoting Sanders v. United States, 252 F.3d 1329, 1335 (Fed. Cir. 2001)).

Mr. Edwards filed his second complaint on July 31, 2017. Compl., Edwards II. In it, he alleged that the government "didn't honor and go by what the Plea Agreement

---

[2] The facts set forth in this section are based on the allegations in Mr. Edwards's complaint, which the Court accepts as true for purposes of deciding the government's motion, as well as on the contents of the documents attached to the government's motion.

[3] Section 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

sa[id]" and that his "forfeiture amount . . . should be returned" to him. Id. at 5–6. As noted, Judge Horn dismissed the complaint based on Mr. Edwards's failure to pay the court's filing fee and on deficiencies in his motion to proceed in forma pauperis. Order at 1–2, Edwards II. Judge Horn also noted, however, that "to the extent [Mr. Edwards was] complaining about an earlier criminal case, his plea agreement, and his subsequent incarceration, this court lacks jurisdiction to adjudicate those claims." Id. at 2.

Mr. Edwards filed the present complaint on August 8, 2017. See Compl. at 1. In line with his previous complaints, he alleges that the government "took roughly over $10,000,000 in Cash and assets[] that [he] now deserve[s] back." Id. He claims that he is "not complaining about [his] criminal case" and that he "just really want[s] the United States . . . to honor [his] . . . Plea Agreement Bargain contract." Id. at 1–2. He also alleges that his "complaints . . . include[]" several named individuals, although he does not describe how those individuals engaged in any unlawful conduct. Id. at 2.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Applying these standards, the Court concludes that it lacks jurisdiction over Mr. Edwards's claims. The Federal Circuit has held that "alleged breaches of plea agreements and other agreements arising out of the criminal justice system do not ordinarily give rise to claims for money damages" under the Tucker Act. Sanders, 252 F.3d at 1336; see also Kania v. United States, 650 F.2d 458, 465–66 (Ct. Cl. 1981), cert. denied, 454 U.S. 895 (1981); Phang v. United States, 87 Fed. Cl. 321, 328–28 (2009). This is so because "'the

high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not' to" the Court of Federal Claims, which has no jurisdiction over criminal matters. Sanders, 252 F.3d at 1335 (quoting Kania, 650 F.2d at 268).

The Federal Circuit has recognized the possibility that a plea agreement that included "express language" setting forth an "unmistakable promise to subject the United States to monetary liability" could support a claim for money damages under the Tucker Act. See Sanders, 252 F.3d at 1336. Mr. Edwards's plea agreement, however, includes no such language. Under Sanders and Kania, the Court therefore lacks jurisdiction to consider his claim for damages arising out of the plea agreement's alleged breach.[4]

## CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Mr. Edwards's complaint. The government's motion to dismiss is therefore **GRANTED** and Mr. Edwards's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

---

[4] Further, to the extent Mr. Edwards asserts any claims against individuals employed by the federal government, the Court lacks jurisdiction over such claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

4